UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:18-cr-33-JL |
| **Sergio Martinez a/k/a "Brian,"** | ) | |
| **a/k/a "Sergio Gabin," a/k/a "Cacon"** | ) | |
| **Raulin Martinez a/k/a "Raul," a/k/a "Chuki"** | ) | |
| **Luz Perez DeMartinez a/k/a** | ) | |
| **"Stephanie Perez," a/k/a "Stephany Perez,"** | ) | |
| **Jhonny Jose Naut Perez a/k/a "Caballero"** | ) | |
| **Suhey Perez** | ) | |
| **Linette Davila** | ) | |
| **Wagner Pimentel a/k/a "Juan," a/k/a "Juani"** | ) | |
| **Luis Angel Polanco Huma, a/k/a "Cachu"** | ) | |
| **Frailin Manuel Gomez Gil a/k/a "Freddy,"** | ) | |
| **a/k/a "El General"** | ) | |
| **Julio J. Pizzini a/k/a "Biggie,"** | ) | |
| **a/k/a "Blackie," a/k/a "Jose"** | ) | |
| **Jepherson Emmanuel Cabrera** | ) | |
| **Edward Brailey Delacruz a/k/a "Vermont"** | ) | |
| **Luis Antonio Salomon Polanco** | ) | |
| **Eduard Amparo** | ) | |
| **Juan Rafael Tejeda-Jimenez a/k/a "Rafi"** | ) | |
| **Fernand V. Miranda a/k/a "Uva"** | ) | |
| **Alex Noonan a/k/a "A.J."** | ) | |
| **Steven Guerrero** | ) | |
| **Jared Ortega-Peguero** | ) | |
| **Juan Dimel Gil Castillo** | ) | |
| **Ramon Gil Huma** | ) | |
| **Julio Colon a/k/a "Manin"** | ) | |
| **Jason Cheever** | ) | |
| **Joshua Smith a/k/a "Smitty"** | ) | |
| **Paul Aaron** | ) | |
| **Steven Lessard a/k/a "Shawn"** | ) | |
| **Miguel Alvarez** | ) | |
| **Edward Brito** | ) | |
| **Trevor Ahearn** | ) | |
| **Julio Saldana** | ) | |
| **Jesus Rivera** | ) | |
| **Jorge Rodriguez a/k/a "Pikete"** | ) | |
| **Henry Marte** | ) | |
| **Luz DeJesus a/k/a "Lulu"** | ) | |

1

**SECOND SUPERSEDING INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**[Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances]**
**[21 U.S.C. §§ 846, 841(a), and (b)(1)(A)(vi)]**

Beginning on or about an unknown date, but at least by 2015, and continuing to at least

on or about April 9, 2018, in the District of New Hampshire and elsewhere, the defendants,

> **Sergio Martinez a/k/a "Brian," a/k/a "Sergio Gabin," a/k/a "Cacon,"**
> **Raulin Martinez a/k/a "Raul," a/k/a "Chuki,"**
> **Luz Perez DeMartinez, a/k/a "Stephanie Perez," a/k/a "Stephany Perez"**
> **Jhonny Jose Naut Perez a/k/a "Caballero,"**
> **Suhey Perez,**
> **Linette Davila,**
> **Wagner Pimentel a/k/a "Juan," a/k/a "Juani,"**
> **Luis Angel Polanco-Huma, a/k/a "Cachu,"**
> **Frailin Manuel Gomez Gil a/k/a "Freddy," a/k/a "El General,"**
> **Julio J. Pizzini a/k/a "Biggie," a/k/a "Blackie," a/k/a "Jose,"**
> **Jepherson Emmanuel Cabrera,**
> **Edward Brailey Delacruz a/k/a "Vermont,"**
> **Luis Antonio Salomon Polanco,**
> **Eduard Amparo,**
> **Juan Rafael Tejeda-Jimenez a/k/a "Rafi,"**
> **Fernand V. Miranda a/k/a "Uva,"**
> **Alex Noonan a/k/a "A.J.,"**
> **Steven Guerrero,**
> **Jared Ortega-Peguero,**
> **Juan Dimel Gil Castillo,**
> **Ramon Gil Huma,**
> **Julio Colon,**
> **Jason Cheever,**
> **Joshua Smith a/k/a "Smitty,"**
> **Paul Aaron,**
> **Steven Lessard a/k/a "Shawn,"**
> **Miguel Alvarez,**
> **Edward Brito,**
> **Trevor Ahearn,**
> **Julio Saldana,**
> **Jesus Rivera,**
> **Jorge Rodriguez a/k/a "Pikete,"**

**Henry Marte, and
Luz DeJesus a/k/a "Lulu"**

knowingly and intentionally conspired, confederated, and agreed with each other, and with other persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute a controlled substance, specifically, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance.

Sergio Martinez's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Raulin Martinez's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Luz Perez DeMartinez's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Jhonny Jose Naut Perez's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above,

involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Suhey Perez's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Linette Davila's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Wagner Pimentel's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Luis Angel Polanco-Huma's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Frailin Manuel Gomez Gil's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Julio J. Pizzini's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Jepherson Emmanuel Cabrera's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Edward Brailey Delacruz's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Luis Antonio Salomon Polanco's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of

N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Eduard Amparo's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Juan Rafael Tejeda-Jimenez's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Fernand V. Miranda's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Alex Noonan's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Steven Guerrero's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Jared Ortega-Peguero's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Juan Dimel Gil Castillo's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Ramon Gil Huma's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Julio Colon's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Jason Cheever's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Joshua Smith's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Paul Aaron's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Steven Lessard's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Miguel Alvarez's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Edward Brito's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Trevor Ahearn's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Julio Saldana's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Jesus Rivera's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Jorge Rodriguez's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Henry Marte's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

Luz DeJesus's conduct as a member of the conspiracy charged above, which includes the reasonably foreseeable conduct of other members of the conspiracy charged above, involved 400 or more grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, in violation of 21 U.S.C. § 841(b)(1)(A)(vi).

All in violation of Title 21 United States Code Sections 846, 841(a), and 841(b)(1)(A)(vi).

## COUNT TWO
### [Distribution of Controlled Substances Resulting in Death]
### [21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2]

On or about March 1, 2017, in the District of New Hampshire and elsewhere, the defendant,

**Sergio Martinez a/k/a "Brian," a/k/a "Sergio Gabin," a/k/a "Cacon,"**

did knowingly and intentionally distribute, and aid, abet, counsel, command, induce, and procure another person to distribute, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, a Schedule II controlled substance, to K.B., the use of which by K.B. resulted in his death.

All in violation of Title 21 United States Code Sections 841(a) and 841(b)(1)(C) and Title 18 United States Code Section 2.

## COUNT THREE
**[Conspiracy to Commit Money Laundering – 18 U.S.C. § 1956(a)(2)(B) and (h)]**

Between at least on or about February 2, 2018, and April 9, 2018, in the District of New Hampshire and elsewhere, the defendants,

**Sergio Martinez a/k/a "Brian," a/k/a "Sergio Gabin," a/k/a "Cacon,"
Raulin Martinez a/k/a "Raul," a/k/a "Chuki," and
Luz Perez DeMartinez a/k/a "Stephanie Perez," a/k/a "Stephany Perez,"**

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States, specifically to transport, transmit, and transfer, and attempt to transport, transmit, and transfer monetary instruments and funds from a place in the United States to or through a place outside the United States, namely to send United States currency to the Dominican Republic, knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity, namely the conspiracy to distribute and to possess with the intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl, and knowing that such transportation, transmission, or transfer is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

All in violation of Title 18 United States Code Sections 1956(a)(2)(B) and (h).

## COUNT FOUR
### [18 U.S.C. § 924(c)(1)(A) – Possessing a Firearm in Furtherance of a Drug Trafficking Crime]

On or about March 20, 2018 through on or about March 22, 2018, in the District of New Hampshire and elsewhere, the defendants,

**Jesus Rivera and
Julio Saldana**

did knowingly possess a firearm, that is, a .38 caliber Armscor Special Edition revolver model A486115 and six rounds of ammunition in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl.

All in violation of Title 18 United States Code Section 924(c)(1)(A).

## COUNT FIVE
### [18 U.S.C. § 924(c)(1)(A) – Possessing a Firearm in Furtherance of a Drug Trafficking Crime]

On or about October 20, 2017, in the District of New Hampshire and elsewhere, the defendants,

**Joshua Smith and
Sergio Martinez a/k/a "Brian," a/k/a "Sergio Gabin," a/k/a "Cacon,"**

did knowingly possess a firearm, that is, a Ruger 9 mm semiautomatic handgun, bearing serial number RP009296H and 26 rounds of 9 mm ammunition in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide commonly known as fentanyl.

All in violation of Title 18 United States Code Section 924(c)(1)(A).

# NOTICE OF CRIMINAL FORFEITURE
# PURSUANT TO 21 U.S.C. § 853

### A. FORFEITABLE PROPERTY

Count One of this Second Superseding Indictment is re-alleged as if fully set forth and incorporated by reference for alleging forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2). Upon conviction of the offenses alleged in Count One of this Second Superseding Indictment, the defendants shall forfeit to the United States, any property constituting, or derived from, or proceeds obtained, directly or indirectly, as a result of the charged offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the charged offenses. The defendants shall forfeit the properties as follows:

**SERGIO MARTINEZ:**

1. $71,043.00 in U.S. Currency;
2. $23,922.00 in U.S. Currency;
3. Assorted Jewelry VL: $3,310.00;
4. $2,620.00 in U.S. Currency;
5. $402.00 in U.S. Currency;
6. $12,840.00 in U.S. Currency;
7. 9,880.00 in U.S. Currency;
8. $1,254.00 in U.S. Currency;
9. $973.00 in U.S. Currency;
10. $500.00 in U.S. Currency;
11. Assorted Jewelry VL: $38,200.00;
12. $400,494.00 in U.S. Currency;

13. Land and Buildings located at 22 Morton Street, Lawrence, MA;

14. Land and Buildings located at 82 Water Street, Lawrence, MA;

15. Land and Buildings located at 31 Manchester Street, Lawrence, MA (also titled to Raulin Martinez and to be forfeited by him);

16. All Funds in Banco Popular Dominicano, S.A. Accounts 794605782 and 795430263, in the name of Sergio Martinez.

**RAULIN MARTINEZ:**

17. $45,000.00 in U.S. Currency;

18. $2,038.00 in U.S. Currency;

19. $941.00 in U.S. Currency;

20. $1,081.00 in U.S. Currency;

21. $5,080.00 in U.S. Currency;

22. $17,044.00 in U.S. Currency;

23. $10,020.00 in U.S. Currency;

**WAGNER PIMENTEL:**

24. $720.00 in U.S. Currency;

25. $2,000.00 in U.S. Currency;

26. $3,094.00 in U.S. Currency;

27. $500.00 in U.S. Currency;

28. 2014 Dodge Grand Caravan, VIN# 2C4RDGBG5ER229933;

**LUIS ANTONIO SALOMON PALANCO:**

29. $3,920.00 in U.S. Currency;

**SUHEY PEREZ AND HENRY MARTE:**

30. $1,831.00 in U.S. Currency.

## NOTICE OF CRIMINAL FORFEITURE PURSUANT TO
## 18 U.S.C. § 982(a)(1)

The allegations contained in Count Three of this Second Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, the defendants,

> Sergio Martinez a/k/a "Brian," a/k/a "Sergio Gabin," a/k/a "Cacon,"
> Raulin Martinez a/k/a "Raul," a/k/a "Chuki," and
> Luz Perez DeMartinez a/k/a "Stephanie Perez," a/k/a "Stephany Perez,"

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The properties to be forfeited include, but are not limited to, the following:

All Funds in Banco Popular Dominicano, S.A. Accounts 794605782 and 795430263, in the name of Sergio Martinez.

If any of the property described above, as a result of any act or omission of the defendant[s]:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

### NOTICE OF CRIMINAL FIREARMS FORFEITURE PURSUANT TO 18 U.S.C. § 924(d) AND 28 U.S.C. § 2461(c)

The allegations contained in Count Four and Five of this Second Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c). Upon conviction of the offenses in violation of Title 18, United States Code, 924(c)(1)(A) set forth in Count Four and Five of this Second Superseding Indictment, the defendants, **JESUS RIVERA, JULIO SALDANA, JOSHUA SMITH, AND SERGIO MARTINEZ**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to, the firearms and ammunition listed above in Count Four and Five.

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

### B. MONEY JUDGMENT

If any of the property described above, as a result of any act or omission of the defendants:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All in accordance with Rule 32.2(b)(1) and (c)(1), Federal Rules of Criminal Procedure.

                          A TRUE BILL

                          /s/ Foreperson
                          Grand Jury Foreperson

SCOTT W. MURRAY
United States Attorney

/s/ Georgiana L. Konesky
Georgiana L. Konesky
Assistant U.S. Attorney

                          Dated: July 11, 2018